## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

JAYS AUDIO INC                                    CASE NO.  2:22-CV-04369

VERSUS                                             JUDGE JAMES D. CAIN, JR.

COVINGTON  SPECIALTY  INSURANCE  MAGISTRATE JUDGE LEBLANC
CO

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 15] filed by defendant

Covington Specialty Insurance Company ("Covington"). Plaintiff Jay's Audio Inc. ("JAI")

opposes the motion. Doc. 17.

### I.
### BACKGROUND

This suit arises from alleged Hurricane Laura and Hurricane Delta damage to

plaintiff's property at 606 East Prien Lake Road in Lake Charles, Louisiana. At all relevant

times the property was insured by a commercial insurance policy issued by Covington. JAI

asserts that Covington failed to timely or adequately compensate it for covered losses.

Accordingly, it filed suit in this court on August 25, 2022, raising claims of breach of

insurance contract and bad faith. The matter is set for jury trial before the undersigned on

June 24, 2024.

Covington now brings this motion for summary judgment, asserting that plaintiff's

claims are barred by the doctrine of *res judicata*. Doc. 15. In the alternative, it requests

summary judgment on plaintiff's bad faith claims on the basis that plaintiff submitted to

binding arbitration and accepted Covington's payment of the umpire's award within 30 days of that decision, on November 17, 2021. *Id.* JAI opposes the motion, arguing that *res judicata* does not apply because the underlying claims were never settled or litigated and because the dismissal was filed without the knowledge of the JAI's principal. Doc. 17.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). "When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the courts must enforce the contract as written." *Sims v. Mulhearn Funeral Home, Inc.*, 956 So.2d 583, 589 (La. 2007) (citing La. Civ. Code art. 2046).

Covington shows that, in October 2021, BlueSky Restoration Contractors, LLC ("BlueSky") filed a petition against Jay's Stereo & Audio, Inc. ("JSAI") and Abdelaaziz Bensaadat in the Fourteenth Judicial District, Calcasieu Parish, Louisiana, based on the alleged failure of plaintiffs to pay BlueSky for the post-hurricane mitigation work it had performed on the property at 606 East Prien Lake Road. Doc. 15, att. 3, pp. 9–13. According to the Louisiana Secretary of State's Business Filings, the officers of JSAI are

Abdelaaziz Bensaadat and Satrica Williams while the officers of JAI are Abdul Bensaadat and Satrica Bensaadat.[1] The principal office of both businesses is 606 East Prien Lake Road. The commercial policy provided by Covington was issued to JAI. Doc. 15, att. 6.

In May 2021 JAI invoked the policy's appraisal provision and Covington submitted to same. *Id.* at 10, 12. The policy provides as to appraisal:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and the amount of loss. If they fail to agree, they will submit their differences to the umpire. **A decision agreed to by any two will be binding.** Each party will:
>    a. Pay its chosen appraiser; and
>    b. Bear the other expenses of the appraisal and umpire equally.
> If there is an appraisal, we will still retain our right to deny the claim.

*Id.* at 8 (emphasis added).

In October 2021, the appraisers and umpire returned a total award of $344,001.43. *Id.* at 12. After deductions for prior payments, Covington issued a net award of $116,930.90 on November 12, 2021. *Id.* at 28. On December 22, 2021, however, JSAI and Bensaadat filed an answer, reconventional demand, and third-party demand in the state court suit, naming Covington as third-party defendant and raising claims of breach of insurance contract and bad faith against it arising from its alleged failure to compensate plaintiff for its Hurricane Laura and Hurricane Delta losses. Doc. 15, att. 3, pp. 1–8. On December 20,

---

[1] It appears that Abdelaaziz Bensaadat and Abdul Bensaadat are the same person. Abdul Bensaadat provides a declaration in support of plaintiff's opposition, describing his dispute with BlueSky giving rise to the state court suit against JSAI and Abdelaaziz Bensaadat. He also acknowledges that he became aware of the dismissal of the state court claims against Covington in Fall 2023. Doc. 18.

2022, JSAI and Bensaadat moved to dismiss the claims in their third-party demand with prejudice. Doc. 15, att. 5. In that matter they were represented by attorneys with the firm Fitz-Gerald, Hebert & DeLouche, LLC. *Id.* In this suit JAI is represented by attorneys with the Pandit Law Firm, LLC and Robichaux, Mize, Wadsack, Richardson & Watson, LLC. Doc. 1.

      "As a matter of federal common law, federal courts sitting in diversity apply the preclusion law of the forum state unless it is incompatible with federal interests." *Dotson v. Atlantic Spec. Ins. Co.*, 24 F.4th 999, 1002–03 (5th Cir. 2022) (quoting *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020)). Accordingly, Louisiana law governs the applicability of *res judicata* in this matter. The party raising the objection of *res judicata* bears the burden of proof. *Five N Company, LLC v. Stewart*, 850 So.2d 51, 60 (La. Ct. App. 5th Cir. 2003). The doctrine is strictly construed and any doubt concerning its application must be resolved against the party raising the objection. *Berrigan v. Deutsch, Kerrigan & Stiles, LLP*, 806 So.2d 163, 167 (La. Ct. App. 4th Cir. 2002).

      Under La. R.S. § 13:4231, the following elements must be met for *res judicata* to bar a claim: (1) the original judgment is valid, (2) the original judgment is final, (3) the parties are the same, (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation, and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject of the first suit. *Cook v. Marshall*, 645 F.Supp.3d 543, 550 (E.D. La. 2022); *see also Chevron U.S.A., Inc. v. State*, 993 So.2d 187, 194 (La. 2008). Additionally, *res judicata* will not apply "[w]hen exceptional circumstances justify relief from the res judicata effect

of the judgment[.]" La. R.S. § 13:4232(A)(1). "A review of the jurisprudence also reflects that several courts have denounced the application of *res judicata* principles when the issues in the subject cases were never settled, litigated, or adjudicated." *Igbokwe v. Moser*, 116 So.3d 727, 731 (La. Ct. App. 4th Cir. 2013) (collecting cases).

The court finds the first, second, fourth, and fifth elements above are satisfied. Plaintiff disputes the third element, arguing that the parties are not the same because JSAI and JAI are separate legal entities, and maintains that the appraisal award does not vitiate its claims.[2] "There exists an identity of parties whenever the same parties, their successors, **or others** appear so long as they share the same 'quality' as parties." *Welch v. Crown Zellerbach Corp.*, 359 So.2d 154, 156 (La. 1978) (emphasis added). Although corporations are generally treated as distinct legal entities, courts may refuse to give effect to this separation in certain extraordinary circumstances. *Middleton v. Par. of Jefferson*, 707 So.2d 454, 456 (La. Ct. App. 5th Cir. 1998). This includes cases in which a party uses separate corporate identities in an attempt to preclude res judicata. *Id.*

Here the record supports that JSAI, JAI, and Bensaadat have used the overlapping corporate interests in 606 East Prien Lake Road in an attempt to evade the just effects of the state court judgment. JAI, as the named insured, was the proper plaintiff to a suit under the insurance policy. *E.g.*, *Axis Surplus Ins. Co. v. Third Millennium Ins. and Fin. Servs.*,

---

[2] Plaintiff also argues that the third element is not met because JSAI and JAI were involved in different capacities (as third-party plaintiff and plaintiff, respectively) in the two suits. The court finds no merit to this contention; both entities asserted the same claims against Covington arising from the same storm damage to the same property. The fact that the state court suit began with claims by the contractor is of no moment; JSAI and its counsel obviously saw some advantage in attempting to litigate their claims against the insurer in that suit and took on the role of plaintiff through a third-party demand against the insurer.

*Inc.*, 781 F.Supp.2d 320, 323 (E.D. La. 2011). But JSAI and JAI share an address and officers, and both appear to have some relationship to the same commercial business run from that address and insured under the Covington policy. The parties also reached a settlement in some fashion of the claims, with Covington paying the binding appraisal award and plaintiff accepting this payment. While the appraisal did not necessarily extinguish any bad faith claims, it is sufficient for the court to find—especially in light of the voluntary dismissal with prejudice by plaintiff's counsel—that these claims were resolved in a court of competent jurisdiction after a full and fair opportunity for their litigation. *See also Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (*Res judicata* "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit.").

Bensaadat has admitted that he learned of the dismissal of the claims against Covington in state court by "Fall of 2023." Doc. 18. Yet JAI has persisted with this suit, which was certified out of the case management trial in October 2023 and set for jury trial before the undersigned. Docs. 12, 13. Accordingly, the court must pierce the veil "to prevent [the] use of subversive tactics to take an unjust advantage of a legal distinction" and treat JSAI, JAI, and Bensaadat as one. *Middleton*, 707 So.2d at 457. JSAI and Bensaadat's dismissal of the claims of breach of contract and bad faith under the insurance policy is thus entitled to *res judicata* effect against JAI's claims arising from the same incident. There is also nothing in the record to suggest that the dismissal of the claims in state court was an "error" other than Mr. Bensaadat's self-serving statement that he was not informed of the decision. *Cf. Skipper v. Berry*, 762 So.2d 56 (La. Ct. App. 3d Cir. 2000)

(finding "exceptional circumstance" when attorney erroneously dismissed misfiled petition with prejudice, rather than without prejudice). To the extent Bensaadat or any of his affiliated corporate entities disagrees with the decisions made in state court, their remedy lies against former counsel.

**IV.**
**C**ONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 15] will be **GRANTED** and all claims in this matter will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 15th day of May, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**
